THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

IN RE: G PEN LITIG.

THIS DOCUMENT PERTAINS TO:
PLAINTIFF GS HOLISTIC, LLC,
AND DEFENDANTS FYRE FLAME
HIGH, LLC, d/b/a FYRE FLAME
SMOKE SHOP, AND SHARAD
PATEL.

Case No. 1:23-cv-748

Judge Walter H. Rice
Mag. Judge Michael R. Merz

---

ORDER SUSTAINING MOTION FOR DEFAULT JUDGMENT OF PLAINTIFF GS HOLISTIC, LLC (DOC. #43); JUDGMENT SHALL ULTIMATELY ENTER IN FAVOR OF PLAINITFF AND AGAINST DEFENDANTS FYRE FLAME HIGH LLC, d/b/a FYRE FLAME SMOKE SHOP, AND SHARAD PATEL; TERMINATION ENTRY FOR CASE NO. 2:23-cv-3810

---

This case is before the Court on the Motion for Default Judgment of Plaintiff GS Holistic, LLC. (Doc. #43[1]). On November 13, 2023, Plaintiff filed its Complaint against Defendants Fyre Flame High, LLC, d/b/a Fyre Flame Smoke Shop ("Fyre Flame") and Sharad Patel. (No. 2:23-cv-3810, Doc. #1). Defendants were served on or about February 1, 2024. (Return of Service, No. 2:23-cv-3810, Doc. #6, PAGEID 50; Doc. #6-1, PAGEID 52). A Clerk's Entry of Default was entered against Defendants on April 4, 2024 (No. 2:23-cv-3810, Doc. #9), and the case was consolidated into the above-captioned matter on February 24, 2025. (Consol. Order, Doc. #26). Nonetheless, Defendants have never defended against Plaintiff's

---

[1] All docket references are to the lead case, No. 1:23-cv-748, unless otherwise specified.

claims or otherwise participated in the captioned case. On June 11, 2025, the Court ordered Plaintiff to move for default against Defendants. (Order, Doc. #38, PAGEID 217). On June 25, 2025, Plaintiff filed its Motion. (Doc. #43). The Motion and its exhibits were sent via certified mail to Defendants on July 1, 2025. (Cert. of Service, No. 2:23-cv-3810, Doc. #24, PAGEID 272). Defendants have not filed a memorandum *contra*, and the time for doing so has expired. FED.R.CIV.P. 5(b)(2)(C), 6(d); S.D. OHIO CIV.R. 7.2(a)(2).

As stated above, Defendants have never answered, moved, or otherwise participated in the case, despite multiple exhortations by the Court to do so. (Orders, Doc. #32; No. 2:23-cv-3810, Doc. #10). Moreover, despite the Court warning that Defendant Fyre Flame, "as [a] pass-through entit[y], must be represented by counsel appearing as Trial Attorney" (Doc. #32, PAGEID 185, citing *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); S.D. OHIO CIV. R. 83.4(a)), no counsel has appeared for Fyre Flame. As Fyre Flame may not defend itself *pro se*, Plaintiff's Motion is sustained as against Fyre Flame for that reason alone.

In its Motion, Plaintiff presents substantial, valid, and undisputed evidence that:

- According to the United States Patent and Trademark Office ("USPTO"), Trademarks Reg. Nos. 4,462,090, 4,466,586, 4,470,963, and 5,405,360 ("G Pen Marks") are valid, active, and assigned to Plaintiff (Trademark Certs., Doc. #43, PAGEID 572, 575, 578, 580);
- By selling counterfeit goods bearing the G Pen Marks likely to cause consumers to mistake the counterfeit vaporizers ("Products") for

2

> legitimate GS Holistic products, Defendants are liable for both trademark infringement and false destination of origin and unfair competition, in violation of the Lanham Act of 1946 (Memo. in Support, Doc. #43, PAGEID 533-37, citing 15 U.S.C. §§ 1114, 1125(a));
> 
> - Defendants' Lanham Act violations were willful, as the statute has been interpreted. (*Id.* at PAGEID 542-43, quoting *Coach, Inc. v. Cellular Planet*, No. 2:09-cv-241, 2010 WL 2572113, *2 (S.D. Ohio Jun. 22, 2010) (Graham, J.); citing 15 U.S.C. § 1117(c); *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994); *Lorillard Tobacco Co. v. Yazan's Serv. Plaza, Inc.*, No. 05-70804, 2007 WL 1834714, *5 (E.D. Mich. Jun. 25, 2007)); and
> 
> - An award of statutory damages in the amount of $132,708.40, is commensurate with the harm Defendants suffered from the infringement and sufficient to act as deterrent toward future potential infringers. (*Id.* at PAGEID 547, citing *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 882 (S.D. Ohio June 22, 2010) (Barrett, J.) (noting that "courts have found statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed."); *JUUL Labs, Inc. v. FLI High, LLC*, No. 1:21-cv-872, 2021 WL 3633512, *2 (N.D. Ohio Aug. 17, 2021); P. Multani Expert Report, Doc. #43, PAGEID 701, ¶¶ 42-43).

Defendants have known about Plaintiff's Complaint and the nature of the allegations against them for almost two years. They have had numerous opportunities to contest Plaintiff's recitation of the facts regarding trademark validity and Defendants' liability for selling counterfeit goods. (Doc. #43, PAGEID 529-32, citing No. 2:23-cv-3810, Doc. #1, PAGEID 2-7, 8-10, 11-12, ¶¶ 9-16, 18-20, 25, 29, 42-43). They have not done so, even when faced with significant evidence of liability. Thus, all well-pleaded allegations in the Complaint are deemed admitted, except with respect to damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995).

3

Additionally, Defendants have not attempted to present any evidence in opposition to Plaintiff's expert regarding damages, or in opposition to Plaintiff's well-reasoned arguments as to the appropriateness of an award of statutory damages of $132,708.40, or $33,177.10 per infringed trademark, plus costs of litigation, injunctive relief, and destruction of the counterfeit products. (Doc. #43, PAGEID 546-49, citing Atty. Decl., Doc. #43, PAGEID 559, ¶ 6; *see also* C. Folkerts Damages Decl. 1, Doc. #43, PAGEID 552-55; C. Folkerts Damages Decl. 2, Doc. #43, PAGEID 556-57; List of Damages in other GS Holistic Cases, Doc. #43, PAGEID 682-85 (collecting cases in which statutory damages of $50,000 or more per infringement were awarded); Report, Doc. #43, PAGEID 686-711).

"Although statutory damages need not match actual damages, courts generally hold that statutory damages should bear some relation to actual damages suffered." *Stark Carpet Corp. v. Stark Carpet & Flooring Installation Corp.*, 954 F. Supp. 2d 145, 154 (E.D.N.Y. 2013) (internal quotation marks and citation omitted); *see also Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) (Plaintiff showing bare procedural violation of law with statutory damages provision does not have Article III standing absent concrete injury-in-fact resulting from said violation.). However, Defendants may not escape judgment simply by not participating in the case and making actual losses impossible to ascertain. Here, Plaintiff's expert compensated for the lack of discovery by using a facially valid methodology. (Doc. #43, PAGEID 691, ¶¶ 12-14). From that methodology and industry information, he concluded that sales of counterfeit products accounted

4

for approximately five percent of Defendants' discretionary earnings from 2018-2027[2], for a total damage figure of $44,236.13. (*Id.* at PAGEID 698-99, ¶¶ 35-36). From that, he applied a treble deterrence multiplier (*id.* at PAGEID 704, ¶ 42), which "has been accepted without exclusion in defamation cases when assessing reputational harm. The rationale behind this approach applies proportionately in trademark counterfeiting contexts, where the enforcement gap and economic incentives closely mirror those in defamation[.]" (*Id.* at ¶ 41). Finally, district courts have consistently awarded GS Holistic statutory damages of approximately $150,000 or more in similar cases. (Doc. #43, PAGEID 682-85).

In sum, Plaintiff has demonstrated cognizable, redressable harm, and presented undisputed evidence that damages of $132,708.40 are both connected to the harm Plaintiff suffered and act as a sufficient deterrent against future infringement. Thus, judgment will enter in Plaintiff's favor in that amount.[3]

Plaintiff has also shown that equitable relief against Defendants is necessary to prevent present and future harm to Plaintiff. (Doc. #43, PAGEID 549, citing 15 U.S.C. §§ 1116, 1118). Accordingly, Defendants are enjoined from purchasing, selling, or using for any purpose, commercial or otherwise, the

---

[2] Time period used because Plaintiff began selling the Products in 2020 and offers a ten-year limited warranty on the Products, and ten years is the Products' expected life cycle. (Doc. #43, PAGEID 694, ¶¶ 21-22, n.13).

[3] While Plaintiff also asks that the Court award $721.49 in Court-related costs (Doc. #43, PAGEID 559, ¶ 6), costs are taxed against Defendants as a matter of course fourteen days after Plaintiff files a notice of costs with the Clerk of Court's Office. FED.R.CIV.P. 54(d)(1). Thus, the Court need not reach this portion of Plaintiff's Motion at this time.

5

Products or any other counterfeit G Pen product that would infringe upon the trademarks at issue. Additionally, Defendants are to destroy all Products and any other counterfeit G Pen items in their possession or control within thirty (30) days of entry, and certify to the Court within fourteen days of their destruction that they have been destroyed. Failure to do so may result in sanctions and additional damages being assessed against Defendants.

For the foregoing reasons, Plaintiff's Motion for Default Judgment (Doc. #43) is SUSTAINED. Judgment in the amount of $132,708.40, with additional equitable relief described above, shall enter in favor of Plaintiff and against Defendants.

Case No. 2:23-cv-3810 is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

IT IS SO ORDERED.

October 8, 2025

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT